IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTTSDALE INSURANCE CO., a/s/o
CHRIS CHERNEY AND KARLY CHERNEY,

            Plaintiff,

v.                                    Case No. 6:14-CV-01183-JTM

DEERE & COMPANY,

            Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Deere & Company's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The motion essentially argues that a reasonable jury has no basis in the evidence to find that the subject combine or any of its parts had any defect in materials or workmanship, or that any defect in material or workmanship caused the fire, or that the insureds' lack of maintenance did not cause the fire.  Def. Mot. at 3.  Defendant also argues that a reasonable jury would have to find under the evidence that Scottsdale failed to mitigate its damages by seeking salvage value of the combine and that it failed to establish the fair market value of the combine and the header.

Under Federal Rule of Civil Procedure 50(a) a court may grant judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." *See Patterson v. Goodyear Tire & Rubber Co.*, 2011 WL 3610095, *1 (D. Kan., Aug. 12, 2011) (citations omitted). The moving party "is entitled to a judgment if the evidence points but one way and is susceptible to no reasonable inferences which may support the

opposing party's position." *Id*. "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party." *Id*. For a jury to properly find for a party, "more than a scintilla of evidence" must be presented to support a claim. In considering a motion for judgment as a matter of law, the court reviews all of the evidence in the record and construes it in the light most favorable to the nonmoving party. *Id*. The court must refrain from making credibility determinations and weighing the evidence.

Under these standards, defendant's motion must be denied.  The testimony of the Cherneys provides a basis from which a reasonable jury could find that the Cherneys properly cleaned and maintained the combine and that the fire began after flames began coming out of the combine's exhaust system. The jury could also reasonably credit the testimony of plaintiff's fire investigator that the fire started in the vicinity of the DPF system of the combine.  Taking the evidence as a whole, a jury could reasonably conclude it is more likely true than not that a defect in materials or workmanship of the DPF system caused the fire, particularly if they find that ordinary and expected use of a reasonably maintained combine resulted in a fire that consumed the machine. Although the extent of the fire makes determination of the precise mechanism causing the fire difficult or impossible, the jury could render a verdict in plaintiff's favor based upon the circumstantial evidence of a defect.

The court also finds that the evidence would permit a reasonable jury to find that the purchase price of the combine and header constituted the fair market value of those

items, and the jury could also credit the testimony of Scottsdale's witness that the combine had no salvage value.

**IT IS THEREFORE ORDERED** this 2nd day of December, 2015, that defendant Deere & Company's motion for judgment as a matter of law under Rule 50(a) is DENIED.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, Judge